32

## CIRCUIT COURT OF THE CITY OF RICHMOND

James Edwards

 v.

Ukrop's Super Markets, Inc.

August 23, 2004

Case No. LS-40-1

BY JUDGE MELVIN R. HUGHES, JR.

A hearing was held on August 9, 2004, on defendant's Motion to Dismiss for Failure to Comply with Order Compelling Discovery, with a Motion for Sanctions. Plaintiff had also filed a Motion under Va. Code § 8.01-271.1 seeking to dismiss defendant's Motion to Dismiss. In this case, plaintiff makes claims against his former employer of defamation and insulting words under Va. Code § 8.01-45.

An Order Compelling Discovery was entered on May 3, 2004. That order required plaintiff to provide to defendant no later than May 10, 2004, sworn answers to interrogatory requests for the names, street addresses, and telephone numbers of potential employers to whom plaintiff alleges defendant published false statements that he was dishonest. The May 3, 2004, order followed a hearing on defendant's motion to compel discovery held on April 19, 2004. In its Motion to Dismiss, defendant states that five weeks past the deadline, plaintiff had not complied with the Order Compelling Discovery. Then plaintiff had only provided a listing of employers without addresses and telephone numbers. These included names like Family Dollar, Texaco, and VCU without any further identifying information. Counsel for defendant stated that he then embarked upon an extensive investigation at considerable expense by subpoena and other means to obtain records of the various named employers to see what information they had regarding whether and when plaintiff sought employment only to later learn that the various companies had no such records and that plaintiff would abandon this claim.

Following the hearing, plaintiff has filed a Recitation of Some Facts *re* Motion to Dismiss. He cites various witnesses' testimony taken during depositions that go to support plaintiff's remaining claims: defamation allegedly published to persons other than potential employers and insulting words under Va. Code § 8.01-45. Defendant filed a written response to plaintiff's Recitation. In the Recitation and although remaining depositions have not yet been taken, the information relative to the insulting words claim is scant and of doubtful legal force to substantiate this claim thus far. The same is true to an extent as to defamation.

Due to plaintiff's failure to comply with the court's order compelling discovery, plaintiff's potential employer defamation claim shall be dismissed under Rule 4:12(b)(2) with prejudice. Plaintiff's motion to dismiss defendant's Motion to Dismiss is denied. The court will not order the payment of $22,000, the amount defendant says it was caused to expend to determine the validity of plaintiff's potential employer defamation claim after receiving the incomplete answers because this could have been avoided or minimized by an earlier request to dismiss for failure to comply with the May 3 order. The court will order that plaintiff pay $300 attorney's fees to defendant for the hearing.